IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, et al.,<br><br>          Plaintiffs,<br><br><br>    vs.<br><br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants,<br><br><br>    and<br><br><br>SOUTHERN UTAH WILDERNESS ALLIANCE; THE WILDERNESS SOCIETY; and THE SIERRA CLUB,<br><br>        Proposed Intervenor<br>        Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:05-CV-714-TC |

Southern Utah Wilderness Alliance, The Wilderness Society, and the Sierra Club (collectively "SUWA") have filed a motion to intervene as defendants in this quiet title action concerning three R.S. 2477 rights-of-way[1] claimed by the State of Utah and Juab County against the United States. SUWA seeks intervention as of right (Rule 24(a)(2)), or, in the alternative, intervention by permission (Rule 24(b)(1)(B)). For the reasons set forth below, SUWA's motion

---

[1]These are rights-of-way allowing construction of public highways across federal land, as set forth in Revised Statute 2477 (enacted by Congress in 1866).

to intervene is granted.

# I.  <u>BACKGROUND</u>

The State of Utah and Juab County, Utah (collectively, "the State") have brought suit against the United States under the Quiet Title Act (QTA), which waives the United States' sovereign immunity in civil actions brought "to adjudicate a disputed title to real property in which the United States claims an interest[.]"  28 U.S.C. § 2409a(a).  The State seeks to establish its title to three rights-of-way allegedly created by R.S. 2477, which states that "the right-of-way for the construction of highways over public lands, not reserved for public uses, is hereby granted."  Act of July 26, 1866, § 8, 14 Stat. 251, 253, formerly § 2477 of the Revised Statutes, 43 U.S.C. § 932 (1970) (repealed).  R.S. 2477 granted a right-of-way by the "construction" of a "highway" open to, and used by, the public on lands that were not reserved at the time of the highway construction.  Although Congress repealed R.S. 2477 in 1976 with the enactment of the Federal Land and Policy Management Act (FLPMA), <u>see</u> Pub. L. 94-579, § 706(a), 90 Stat. 2743, 2793 (1976), R.S. 2477 rights-of-way in existence on the date of the repeal remain valid.

Proposed intervenors SUWA, The Wilderness Society, and the Sierra Club are non-profit organizations dedicated to preservation of wilderness on federal public land.  According to their motion to intervene,

> the State of Utah and Juab County (collectively, "the State") seek title to R.S.
> 2477 highway rights-of-way for three routes in the Deep Creek Mountains in
> western Utah, all of which cross lands now managed by law to protect their
> roadless, wild nature, and all of which traverse or abut lands proposed for
> wilderness protection by Southern Utah Wilderness Alliance, The Wilderness
> Society, and the Sierra Club (collectively, "SUWA").  The goal of the State's case
> is clear: to open routes to motor vehicles that have been partially closed as a result
> of the establishment of the Deep Creek Mountains and Scott's Basin wilderness
> study areas (WSAs) and Bureau of Land Management (BLM) land use planning

decisions.  If the State prevails, the resumption of motor vehicle use on these
routes is likely and would cause substantial ecological damage, including damage
to wilderness values that SUWA has long sought to protect.  In order to protect its
long-standing and oft-recognized interests in wildlands protection, SUWA seeks
the right to intervene on behalf of Federal Defendants.

(SUWA's Mem. Supp. Mot. Intervene at 1.)

In this suit, the State's title to the rights-of-way will be determined, but so will the scope
of each right-of-way.  Because the management decisions of the federal government conflict with
the management decisions likely to be made by the State and Juab County, more is at stake than
simply title to real property.

SUWA further contends that its interests will not be protected adequately by the
Defendants United States of America, Department of the Interior, and Bureau of Land
Management, whose policies governing negotiations with R.S. 2477 claimants[2] belie the
suggestion that the Defendants will vigorously pursue litigation to protect the United States' title
in the land.

## II.  ANALYSIS

The court's determination of whether to grant SUWA's motion to intervene is necessarily
"highly fact-specific," and the factors should be weighed in light of the Tenth Circuit's
"somewhat liberal line in allowing intervention."  Utah Ass'n of Counties v. Clinton, 255 F.3d
1246, 1249 (10th Cir. 2001) [hereinafter UAC] (internal citation and quotation marks omitted).

Rule of Civil Procedure 24 provides two different ways for a party to intervene in an
action before the federal court.  Rule 24(a) allows for intervention of right if certain conditions

---

[2]For a full description, see SUWA's pleadings supporting the motion to intervene.

are satisfied.  Rule 24(b) allows for permissive intervention if different conditions are satisfied. SUWA seeks intervention under both.  For the reasons set forth below, the court finds that SUWA is entitled to intervene as of right.[3]

**A.**     **Rule 24(a) Intervention as of Right**

A party is entitled to intervention as of right when: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's ability to protect that interest "may as a practical matter" be impaired or impeded; and (4) the applicant's interest is not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2); Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of Interior, 100 F.3d 837, 840 (10th Cir. 1996).  The second and third elements are typically combined in courts' analyses.

The parties do not dispute that SUWA's application is timely.  But they dispute SUWA's contention that it also satisfies the other elements of intervention as of right.

**B.**     **Tenth Circuit's Opinion in *San Juan County v. United States of America***

Permeating the parties' analyses is the Tenth Circuit's *en banc* decision in San Juan County v. United States of America, 503 F.3d 1163 (10th Cir. 2007), which denied SUWA's

---

[3]Because the court finds that SUWA is entitled to intervene as of right, it is not necessary to reach the question of whether SUWA's request for permissive intervention should be granted. But it appears on the same record before the court that SUWA would satisfy requirements for permissive intervention (common questions of law or fact, no undue delay or prejudice, and timely application).  See Fed. R. Civ. P. 24(b).  That is, SUWA has asserted affirmative defenses that are directly responsive to the Plaintiffs' claims, and the parties opposing intervention do not point to any undue prejudice or delay.

motion to intervene[4] in a quiet title action concerning R.S. 2477 rights-of-way.  At first glance,

San Juan County appears to be directly on point, but upon closer review it becomes clear that

applying the court's holding is not as simple as it seems because no majority rationale supported

the judgment.  In fact, the decision of the thirteen-judge panel consists of four separate opinions,

with various judges joining various opinions in full or in part, on a concurring or dissenting basis.

See id. at 1167-1207 (opinion by Circuit Judge Hartz, joined by Circuit Judges Henry and

Murphy, and joined in all but Part IV(B) by Circuit Judges Seymour, Ebel, Briscoe, and Lucero)

(the **Hartz Opinion**); id. at 1207-26 (opinion by Circuit Judge Kelly, joined by Chief Judge

Tacha, and Circuit Judges Porfilio, O'Brien, McConnell, and Holmes, concurring in the

judgment) (the **Kelly Opinion**); id. at 1226-32 (opinion by Circuit Judge Ebel, joined by Circuit

Judges Seymour, Briscoe, and Lucero, concurring in part and dissenting in part) (the **Ebel

Opinion**); id. at 1232-34 (opinion by Circuit Judge Lucero, concurring in part and dissenting in

part) (the **Lucero Opinion**).

Nine members of the thirteen-judge panel held that SUWA was not entitled to intervene

as of right, but they split on their reasoning.  Still, San Juan County provides precedent for two

narrow issues.

First, seven judges held, after lengthy analysis, that SUWA had a sufficient interest that

could be impaired if SUWA were not allowed to intervene (impairment of an interest is one of

---

[4]In San Juan County, the proposed intervenors were Southern Utah Wilderness Alliance,
The Wilderness Society, and the Grand Canyon Trust.

the elements of intervention as of right).[5]  See Hartz Opinion.  Second, the same set of judges

rejected the position that SUWA intervention would infringe upon sovereign immunity under the

Quiet Title Act.  Because none of the parties raises the sovereign immunity issue (which

apparently has been put to rest by San Juan County), the court's analysis here is governed by San

Juan County only for the "impaired interest" element of intervention as of right.

The United States' suggestion that this court apply other courts' methods for discerning

the holding of a fractured court opinion is not particularly persuasive.  In its opposition brief, the

United States first cites to Marks v. United States, 430 U.S. 188 (1977), which says that "when a

fragmented Court decides a case and no single rationale enjoys the assent of [a majority], the

holding of the Court may be viewed as that position taken by those Members who concurred in

the judgment on the narrowest grounds."  Id. at 193.  It then notes that Marks cannot be applied

here, citing United States v. Carrizales-Toledo, 454 F.3d 1142 (10th Cir. 2006).  "'When the

plurality and concurring opinions take distinct approaches, and there is no narrowest opinion

representing the common denominator of the Court's reasoning, then Marks becomes

problematic' . . . and an alternative approach is needed."  (U.S.'s Opp'n at 11 (internal quotation

marks omitted).)  That "alternative approach" is two-fold.  A court can avoid determining the

---

[5]The United States contends that the seven-judge holding on the impaired interest element
(i.e., that SUWA had a sufficient interest in the litigation that could be impaired if the court
favored San Juan County in a ruling on the merits) is not precedential because it is only one part
of the overall analysis of intervention as of right.  (See U.S.'s Opp'n at 11.)  But SUWA has the
better argument that, "where a majority of a split court reaches and affirmatively decides a
dispositive issue in a case, that holding becomes controlling law."  (SUWA's Reply at 11.)  The
impaired interest issue is dispositive, and a majority in San Juan County clearly exists on that
issue.  See also United States v. Carpenter, 526 F.3d 1237, 1240 (9th Cir. 2008) (citing San Juan
County for proposition that majority of the Tenth Circuit en banc panel did indeed hold that
SUWA met the Rule 24(a)(2) "interest" test).

governing standard if application of the multiple approaches has the same result.  Or, if the

position of the party is "substantially similar" to the party in the case with the fragmented

opinion, the same result may be reached "without determining which of the minority opinions in

the prior judgment provides the governing standard."  (Id. at 12-13.)  But, as SUWA points out,

the United States' suggested approaches are problematic "because of the far more splintered

opinion in San Juan County."  (SUWA's Reply at 17.)  SUWA notes that the "substantially

similar" analysis would essentially treat minority opinions as binding law or would result in

guesswork.  (Id. at 18-19.)  Here, the better approach is simply to analyze the issues anew,

looking at earlier Tenth Circuit cases addressing intervention, with the exception that the

"impaired interest" element be drawn from San Juan County, and then look at the specific record

before the court.

**C.      Application of Elements of Intervention as of Right**

      1.      Impairment of an Interest

As noted above, the Hartz Opinion in San Juan County (in which six judges joined to

form the only majority in the case), governs the second and third elements of Rule 24(a).  The

judges in that opinion held that SUWA had a substantial interest that would, as a practical matter,

be impaired by an outcome favoring the plaintiffs.  The procedural facts in San Juan County are

practically identical to the facts here.

As in San Juan County, the State of Utah and a county in southern Utah (here, Juab

County) have filed suit to quiet title in three claimed R.S. 2477 rights-of-way on BLM land that

are adjacent to or part of wilderness study areas or wilderness inventory areas.  The Plaintiffs are

almost identical (the State of Utah and a county in southern Utah), the Defendant is the same, and

7

the proposed intervenors are conservation groups (the only difference being that Grand Canyon Trust does not appear here, but, rather, is replaced by the Sierra Club). The fact that the alleged rights-of-way are in a location different than the ones at issue in San Juan County is not material, because the same concerns about the conservation groups' ability to protect their interest in creating and preserving wilderness areas exist here, just as they did in San Juan County. That is, the issue is not just who holds title to the easement; it is also the scope of the easement. A ruling on the merits favoring plaintiffs may result in opening closed portions of the rights-of-way to vehicle travel, would change the land management ability of the federal agency as to those routes, and may reduce the chance that the federal land would retain its wilderness characteristics. "The hallmark of wilderness is roadlessness." (Decl. of Suzanne Jones ¶ 15 (attached as Ex. 2 to SUWA's Mem. Supp.).) In short, much of what the Hartz Opinion says can easily be transferred to this case. And SUWA's Memorandum in Support of its Motion to Intervene does a good job of pointing that out. (See, e.g., SUWA's Mem. Supp. at 15-16.)

    2. Adequate Representation

    Although San Juan County does not provide binding precedent on this element of Rule 24(a), the discussions of the adequate representation prong are helpful. In particular, the judges note that if the interests of the proposed intervenor and one of the existing parties are identical, a presumption of adequate representation exists. San Juan County, 593 F.3d at 1204 (Hartz Opinion). But the presumption may be rebutted with evidence showing that the government may not pursue the defense against the plaintiffs' claim as vigorously as SUWA would. See UAC, 255 F.3d at 1255-56.

    SUWA points to the following evidence to support its claim that it has rebutted the

presumption of adequate representation.  First, it suggests that the BLM has entered into

negotiations with Juab County to issue a "Non-Binding Determination" (NBD) on the three R.S.

2477 claims at issue in this case.  (See July 11, 2006 BLM internal e-mail (Ex. 13 to SUWA's

Mem. Supp.) (listing Tom's Creek Road, Granite Canyon Road, and Trout Creek Road—all

subject of quiet title action here—as "Possible NBDs");  see also Exs. 14-15 to SUWA's Mem.

Supp.)  Such an NBD, established without applying the evidentiary standards applicable in a

court of law, would give the State administrative recognition of the R.S. 2477 right-of-way.  (See

BLM Instruction Mem. No. 2006-159 (Ex. 17 to SUWA's Mem. Supp.) at 2 ("Because NBDs

are useful only for planning purposes and do not create any binding legal rights, the evidence

reviewed need not be as extensive as is required for more formal actions.").)  An NBD could

have the practical effect of a court ruling in the State's favor, and SUWA's interest in wilderness

preservation could be impaired.  (See id. at 2 (noting that NBD paves way for state's or county's

proposed improvements to claimed rights-of-way that go beyond routine maintenance).)  Second,

SUWA has shown that it has the ability to gather facts that the United States apparently did not

have the wherewithal to gather in order to challenge certain R.S. 2477 claims or to designate

wilderness study areas.  (See, e.g., Decl. of Ray Bloxham, attached as Ex. 1 to SUWA's Mem.

Supp.; Christopher Smith, Road Ownership Case Hits Test Bump, Salt Lake Trib. (May 10,

2004), attached as Ex. 18 to SUWA's Mem. Supp.)  And, third, SUWA has been at odds with the

BLM in litigation over the agency's obligation to protect roadless areas, as SUWA points out in

its briefs.

Alternatively, the evidence cited above may be characterized as evidence that the interests

of the United States and SUWA are not identical.  For example, in both the Ebel Opinion (in

which four of the thirteen judges would have allowed SUWA to intervene as of right) and the

Lucero Opinion (Judge Lucero joined in the Ebel Opinion and wrote his own opinion as well),

the four judges supporting intervention noted that the United States "must, under its mandate,

balance an array of competing political, environmental, and economic concerns." San Juan

County, 503 F.3d at 1234 (Lucero, J., concurring in part and dissenting in part); see also Ebel

Opinion at 1226-32.  SUWA appears to be uncompromising in its focus to protect the land as

wilderness.  The BLM, on the other hand, faces a series of more practical concerns that may

come into play if the United States decides to settle with the State and Juab County.  If SUWA is

not granted intervenor status, "we constrain its ability to effectively ensure that its interests are

adequately advanced [if] the government change[s] its position at a critical point in the litigation

or settlement negotiations[.]"  Id.

Given all of the above, SUWA has established that its interests adequately diverge from

the Defendants' interests, and so SUWA will not be adequately represented by the Defendants.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.      Southern Utah Wilderness Alliance et al.'s Motion to Intervene as Defendants

(Doc. No. 53) is GRANTED.

2.      The Intervenor Defendants (Southern Utah Wilderness Alliance, The Wilderness

Society, and the Sierra Club) must file their answer to Plaintiffs' Complaint no later than **five**

**days** from the date of this Order.

3.      If any one of the parties believes conditions should be set on the scope of the

intervention granted by this Order, a motion requesting specific conditions must be filed with the

court no later than **ten days** from the date of this Order.  Any such motion, however, does not

stay the deadline set in the court's February 29, 2008 Order (Doc. No. 51), which requires filing

of initial disclosures, holding a planning conference, and submitting a proposed case

management order within **thirty days** of today's Order.

DATED this 3rd day of September, 2008.

BY THE COURT:

TENA CAMPBELL
Chief Judge

11