IGNACIA S. MORENO
Assistant Attorney General
STEPHEN BARTELL, Senior Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 305-0234
Telefax:    (202) 305-0506
stephen.bartell@usdoj.gov

DAVID B. BARLOW
United States Attorney (Utah Bar #13117)
185 South State Street, Suite 300
Salt Lake City, UT  84111
Telephone:  (801) 524-5682
Telefax:    (801) 524-6925

Counsel for Defendant, the United States of America

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JUAB COUNTY (1) and STATE OF UTAH, <br><br> Plaintiffs, <br> vs. <br><br> UNITED STATES OF AMERICA, U.S. DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, <br><br> Defendants, and <br><br> SOUTHERN UTAH WILDERNESS ALLIANCE, THE WILDERNESS SOCIETY; and SIERRA CLUB, <br><br> Intervenor-Defendants. | **JOINT MOTION FOR CONDITIONAL APPROVAL OF CONSENT DECREE** <br><br><br> Civil No. 2:05-CV-00714 (TC) <br><br> Honorable Tena Campbell <br> Honorable David Nuffer |

1

COMES NOW the United States of America, U.S. Department of the Interior, Bureau of Land Management ("United States"), Defendants, State of Utah and Juab County, Utah, Plaintiffs, and Southern Utah Wilderness Alliance, The Wilderness Society, and Sierra Club, Intervenor-Defendants, ("parties") through their undersigned counsel, and hereby submit this Joint Motion for Conditional Approval of Consent Decree.

On October 29, 2012, the parties, as well as undersigned counsel for the parties, executed a proposed Consent Decree (Exhibit A, attached hereto) which would settle all the claims in this case. That same day, the parties advised this Court that the parties had executed the proposed Consent Decree, and would be submitting it to the Court for "conditional" approval within thirty days. The parties hereby respectfully move this Court for such conditional approval of the Consent Decree.

I. Background

On August 25, 2005, the State of Utah and Juab County filed suit against the United States under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, seeking to quiet title to three alleged rights-of-ways over roads located on federal land in or adjacent to the Deep Creek Mountains Wilderness Study Area ("WSA"). Dkt. #1 (Aug. 25, 2005). The three roads for which the rights-of-way are claimed are known as the Toms Creek Road, the Granite Canyon (or Granite Creek) Road, and the Trout Creek Road. The Plaintiffs allege these rights-of-way were established pursuant to Revised Statute 2477 ("R.S. 2477") (Act of July 26, 1866, Ch. 262, § 8, 14 Stat. 251, 253, codified in 1873 as section 2477 of the Revised Statutes, recodified in 1938 as 43 U.S.C. § 932, repealed in 1976). The Plaintiffs also requested judgment declaring the scope of their alleged rights-of-way to include, *inter alia*, the right to conduct ordinary maintenance

activities and improvements within the rights-of-way, and the right to widen the roads at least to the extent of two-lane roads.

This Court granted the Southern Utah Wilderness Alliance, The Wilderness Society, and Sierra Club motion to intervene as Intervenor-Defendants. Dkt. #75 (Sep. 3, 2008). Fact discovery (including 23 depositions) was completed on January 30, 2010, and thereafter the parties have engaged in extensive good-faith settlement discussions. The Court has held periodic status conferences concerning the settlement negotiations. Pursuant to the Court's direction at its status conference in October 2011, the attorneys for the parties thereafter conducted an average of two teleconferences each week until settlement was reached. At the status conference held on October 29, 2012, the parties advised the Court that the parties have all executed a settlement in the form of a proposed Consent Decree.[1]

## II. Summary of the Consent Decree

Under the settlement, the parties have agreed to submit the proposed Consent Decree to the Court within thirty (30) days of its execution, through a joint motion seeking "conditional" approval of the Consent Decree. "Conditional" is defined to mean that the Court's approval is provisional and subject to the parties complying with certain terms set forth in the Consent Decree as prerequisites for consummation of the settlement and final entry of the Consent

---

1  The proposed settlement also includes a "Disclaimer of Interest," within the meaning of the Quiet Title Act, 28 U.S.C. § 2409a(e), to effectuate the legal recognition of the R.S. 2477 rights-of-way. Under the QTA, actions will lie only with respect to "disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). To the extent the United States does not claim an interest adverse to that claimed by the plaintiff, the QTA specifies that the United States may disclaim that purported interest and thereby dispose of the litigation over that interest. 28 U.S.C. § 2409a(e). The United States will seek judicial confirmation of the "QTA Disclaimer of Interest" when the parties seek approval, as opposed to "conditional" approval, of the Consent Decree.

Decree. Under these terms, the State and County have ninety (90) days from the date of this Court's conditional approval to take specific actions including executing documents necessary to waive, relinquish, abandon, and release any rights they have or may have, presently or in the future, to seek to quiet title or otherwise assert in any manner or through any means, any interest in or the existence of, under R.S. 2477 or any other state or federal law, any easement, rights-of-way, roads, public highways, or travel routes within the portion of the Deep Creek Mountains WSA located in Juab County and within four defined waiver areas that are adjacent to the Deep Creek Mountains WSA. The County shall also adopt and subsequently enforce an ordinance prohibiting motorized vehicle travel anywhere in the portion of the Deep Creek Mountains WSA within Juab County: (1) outside of the alignments of the three rights-of-way; (2) past the termini of the three rights-of-way, other than the motorized vehicle use currently or hereafter allowed by the BLM, if any on the Primitive Route that extends to the west beyond the terminus of the Toms Creek Road, as described in the Consent Decree; and, (3) beyond the second stream crossing on the Granite Canyon Route, as described in the Consent Decree, from December 1 through May 31 annually, unless the BLM modifies this seasonal use restriction. The State and County require an order from this Court conditionally approving the Consent Decree before they can undertake these actions.

      Following the completion of the above-described actions by the State and County, the United States will file the QTA Disclaimer of Interest and the parties will file a joint motion requesting the Court to approve and ratify the Consent Decree, confirm the QTA Disclaimer, and enter final judgment dismissing the complaint with prejudice. The terms of the Consent Decree will then become fully effective sixty (60) days later.

The Consent Decree contains the intergovernmental agreements and agreements with the Intervenor-Defendants that comprise the settlement. The basic elements include agreements that: (1) the three rights-of-way will be recognized as R.S. 2477 rights-of-way over the three roads, consistent with the facts developed during the litigation; (2) the three rights-of-way shall remain as primitive roads, with native material surfaces, and for the most part will be limited in width to seven to nine feet, with the exception that a previously maintained section of the Granite Canyon Road, as specifically described in the Consent Decree, may continue to be maintained as specified in the Consent Decree; (3) there is a seasonal limitation on the motorized use of a section of the Granite Canyon right-of-way; (4) any maintenance, beyond routine maintenance as defined in the Consent Decree, will require coordination with the Bureau of Land Management; (5) with respect to the portion of the Deep Creek Mountains WSA located *within* Juab County, the Plaintiffs waive and abandon any claims they might have to other R.S. 2477 rights-of-way; (6) with respect to areas that are *adjacent to* the Deep Creek Mountains WSA within Juab County, the Plaintiffs waive and abandon any claims they might have to R.S. 2477 rights-of-way *except* for twelve identified routes in four defined waiver areas; (7) the County will pass an ordinance, and provide signage, expressly prohibiting vehicles from driving outside the widths of the rights-of-way in the Deep Creek WSA; (8) the County will help the Bureau of Land Management patrol the roads on high-use weekends to enforce these restrictions; (9) the parties agree to specific dispute resolution procedures; and, (10) this Court will retain jurisdiction of this case for eight years for the purpose of judicial resolution of any disagreements brought to the Court's attention concerning the parties' respective rights and/or obligations under the Consent Decree.

III. Standard of Review

A consent decree is a negotiated agreement that is entered as a judgment of the court. In *United States v. Colorado*, 937 F.2d 505 (10th Cir. 1991), the Tenth Circuit explained a district court's obligation in considering whether to approve a proposed consent decree:

> Because the issuance of a consent decree places the power of the court behind the compromise struck by the parties, the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest. The court also has the duty to decide whether the decree is fair, adequate, and reasonable before it is approved.

*Id*. at 509 (internal citations omitted).

In considering whether to enter a proposed consent decree, a court should be guided by the general principle that settlements are encouraged. *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999).

IV. The Proposed Consent Decree is Fair, Adequate, and Reasonable and is Not Illegal, A Product of Collusion, or Against the Public Interest

A. The Proposed Consent Decree is Fair

Determining whether a consent decree is fair involves both procedural and substantive components. *Utah State Dep't of Health v. Kennecott Corp.*, 801 F. Supp. 553, 567 (D. Utah 1992); *United States v. Telluride Co.*, 849 F. Supp. 1400, 1402 (D. Colo. 1994). To measure procedural fairness, a court should gauge the candor, openness, and bargaining balance of the negotiations that led to the consent decree. *Kennecott Corp*., 801 F. Supp. at 567. *See also United States v. Hooker Chem. & Plastics Corp.,* 607 F. Supp. 1052, 1057 (W.D. N.Y. 1985), *aff'd*, 776 F.2d 410 (2d Cir. 1985) (court should look to such factors as "the good faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in litigation if the settlement is not approved"). "Substantive

fairness flows from procedural fairness." *Telluride*, 849 F. Supp. at 1402. Substantive fairness "introduces into the equation concepts of corrective justice and accountability: a party should bear the cost of harm for which it is legally responsible." *United States v. ASARCO, Inc.,* 814 F. Supp. 951, 954 (D. Colo. 1993) (citation omitted).

The Consent Decree executed by the parties was negotiated at arms length among all the parties, all of whom were represented by counsel. Once the terms of the Consent Decree were fully negotiated among counsel, the resulting Consent Decree was reviewed and approved by the Assistant Attorney General of the Environment and Natural Resources Division of the United States Department of Justice,[2] responsible officials with the State of Utah and Juab County, and the appropriate officers with the three environmental Intervenor-Defendants. For all these reasons, the proposed Consent Decree is procedurally fair. The proposed Consent Decree is substantively fair in that the United States is disclaiming its interest in rights-of-way for certain lengths of the claimed roads based on historical evidence; and the plaintiffs are agreeing to waive and abandon claims in the WSA and other adjoining areas based on historical evidence.

B.     The Proposed Consent Decree is Adequate and Reasonable

There are four factors relevant to determining whether a consent decree is adequate and reasonable. First and most importantly, a court must consider "whether the consent decree is in the public interest and upholds the objectives of the [relevant statute]." *Telluride*, 849 F. Supp. at 1402. Under federal law, which borrows from Utah state law here, to determine if an R.S. 2477 right-of-way has been accepted by the public, a plaintiff must demonstrate, *inter alia*,

---

[2]     The Environment and Natural Resources Division Assistant Attorney General's authority to approve this settlement on behalf of the United States has been delegated from the Attorney General, 28 U.S.C. § 0.160.

continuous public use of the claimed right-of-way as a public thoroughfare for a period of ten years in order to establish the public's acceptance. *S. Utah Wilderness Alliance v. Bureau of Land Mgmt.*, 425 F.3d 735, 771-72 (10th Cir. 2005); *Utah Cnty. v. Butler*, 179 P.3d 775, 780 (Utah 2008) (identifying three issues under Utah's dedication statute -- continuous use, a public thoroughfare, and a period of ten years). The parties have applied that criteria to the historical evidence here in arriving at the terms for the proposed settlement.

Furthermore, the federal statute on which jurisdiction is based here, the Quiet Title Act, provides that in certain cases of "a disputed title to real property in which the United States claims an interest," local governments may file suit against the United States under the Quiet Title Act, 28 U.S.C. § 2409a, as the plaintiffs did in this action. And, the statute further provides that the United States may disclaim its interest, and dispose of the litigation over that interest, in appropriate cases, pursuant to 28 U.S.C. § 2409a(e). Thus, the proposed Consent Decree upholds the objectives of the relevant statute. The Consent Decree is also in the public interest, as discussed below, and therefore adequate and reasonable.

    C.    <u>The Consent Decree is Not Illegal, a Product of Collusion, or Against the Public Interest</u>

The proposed Consent Decree is lawful because it does not require or sanction any violations of law. Moreover, courts have held that public officials of the United States are entitled to a presumption that their actions and decisions are not illegal or a product of collusion. *See United States v. McKinley Cnty.,* 941 F. Supp. 1062, 1066 (D.N.M 1996) (citing *United States v. Chem. Found. Inc.*, 272 U.S. 1, 14-15 (1926)). Finally, the proposed Consent Decree is in the public interest because it resolves the controversy without expensive and prolonged

litigation and with due regard for the underlying federal and non-federal property interests. The other elements of the proposed Consent Decree, as discussed above, are also all in the public interest.

V.      Conclusion

The proposed Consent Decree is procedurally and substantively fair, adequate and reasonable, and furthers the purposes of R.S. 2477 and is in the public interest. The Consent Decree is not illegal, a product of collusion, or against the public interest.[3] Accordingly, the

///

///

///

///

///

///

///

///

///

///

///

///

///

---

[3] The parties are prepared to present the Consent Decree to the Court in a hearing at this time; however, the parties anticipate that such a hearing would be more appropriate when they

parties respectfully request that this Court conditionally approve the proposed Consent Decree.

A proposed Order is attached hereto.

Respectfully submitted this 28th day of November, 2012

>IGNACIA S. MORENO, Assistant Attorney General
>United States Department of Justice
>Environment & Natural Resources Division
>
>/s/ *Stephen G. Bartell*
>STEPHEN G. BARTELL, Senior Trial Attorney
>United States Department of Justice
>Environment & Natural Resources Division
>Natural Resources Section
>P.O. Box 7611
>Washington, D.C. 20044
>Telephone: (202) 305-0234
>Telefax: (202) 305-0506
>stephen.bartell@usdoj.gov
>
>Counsel for the United States of America, Department of the Interior, and Bureau of Land Management
>
>
>MARK SHURTLEFF
>Utah State Attorney General
>
>
>/s/ *Harry H. Souvall*
>HARRY H. SOUVALL,
>Assistant Attorney General
>Public Lands Section Chief
>5110 State Office
>Salt Lake City, Utah 84114
>Telephone: (801) 538-0687
>
>Counsel for Plaintiffs State of Utah and Juab County

---

seek approval of the Consent Decree, as opposed to "conditional" approval as they are doing through this motion.

*/s/ Edward B. Zukoski*
EDWARD B. ZUKOSKI
MELANIE KAY
Earthjustice
1400 Glenarm Place, Suite 300
Denver, Colorado 80202
Telephone: (303) 623-9466
tzukoski@earthjustice.org
mkay@earthjustice.org

Counsel for Intervenor-Defendants
The Wilderness Society and Sierra Club


*/s/ Stephen H.M. Bloch*
STEPHEN H.M. BLOCH
Southern Utah Wilderness Alliance
425 East 100 South
Salt Lake City, Utah 84111
Telephone: (801) 486-3161
steve@suwa.org

Counsel for Intervenor-Defendant
Southern Utah Wilderness Alliance

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Department of Justice, and that on November 28, 2012, a true and correct copy of the foregoing JOINT MOTION FOR CONDITIONAL APPROVAL OF CONSENT DECREE was filed with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the attorney's of record via ECF.

/s/ *Stephen G. Bartell*
Stephen G. Bartell, Esq.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JUAB COUNTY (1) and<br>STATE OF UTAH,<br><br>                Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA, U.S.<br>DEPARTMENT OF THE INTERIOR,<br>BUREAU OF LAND MANAGEMENT,<br><br>                Defendants, and<br><br>SOUTHERN UTAH WILDERNESS<br>ALLIANCE, THE WILDERNESS<br>SOCIETY; and SIERRA CLUB,<br><br>                Intervenor-Defendants. | *Proposed* **ORDER GRANTING CONDITIONAL APPROVAL OF CONSENT DECREE**<br><br>Civil No. 2:05-CV-00714 (TC)<br><br>Honorable Tena Campbell<br>Honorable David Nuffer |

On November 28, 2012, the attorneys for Defendants the United States of America, the U. S. Department of the Interior, and the Bureau of Land Management, Plaintiffs State of Utah and Juab County, and Intervenor-Defendants Southern Utah Wilderness Alliance, The Wilderness Society, and Sierra Club jointly moved this Court for conditional approval of the Consent Decree, attached as Exhibit A to the motion, subject to its terms and conditions. The motion is granted.

SO ORDERED this \_\_\_\_ day of _____, 2012.

                BY THE COURT:

                _____
                TENA CAMPBELL
                District Court Judge