ROBERT G. DREHER
Acting Assistant Attorney General
STEPHEN G. BARTELL, Senior Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 305-0234
Telefax:     (202) 305-0506
stephen.bartell@usdoj.gov

DAVID B. BARLOW
United States Attorney (Utah Bar #13117)
185 South State Street, Suite 300
Salt Lake City, UT  84111
Telephone:  (801) 524-5682
Telefax:      (801) 524-6925

Counsel for Defendant, the United States of America

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JUAB COUNTY (1) and STATE OF UTAH,<br><br>Plaintiffs,<br>vs.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>Defendants, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, THE WILDERNESS SOCIETY; and SIERRA CLUB,<br><br>Intervenor-Defendants. | **JOINT MOTION FOR APPROVAL OF CONSENT DECREE, CONFIRMATION OF QUIET TITLE ACT DISCLAIMER, AND FINAL JUDGMENT**<br><br>Civil No. 2:05-CV-00714 (TC)<br><br>Honorable Tena Campbell |

COMES NOW Defendants the United States of America, U.S. Department of the Interior, Bureau of Land Management ("United States"), Plaintiffs State of Utah and Juab County, Utah, and Intervenor-Defendants Southern Utah Wilderness Alliance, The Wilderness Society, and Sierra Club, ("parties") through their undersigned counsel, to hereby move this Court for approval of the Consent Decree, confirmation of the Quiet Title Act Disclaimer, and Final Judgment dismissing Plaintiffs' Complaint with prejudice.

I.      Background

On August 25, 2005, the State of Utah and Juab County filed suit against the United States under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, seeking to quiet title to three alleged rights-of-ways over roads located on federal land in or adjacent to the portion of the Deep Creek Mountains Wilderness Study Area ("WSA") in Juab County, Utah.  Dkt. #1 (Aug. 25, 2005).  The three roads for which the rights-of-way were claimed are known as the Toms Creek Road, the Granite Canyon (or Granite Creek) Road, and the Trout Creek Road.  The Plaintiffs alleged these rights-of-way were established pursuant to Revised Statute 2477 ("R.S. 2477") (Act of July 26, 1866, Ch. 262, § 8, 14 Stat. 251, 253, codified in 1873 as section 2477 of the Revised Statutes, recodified in 1938 as 43 U.S.C. § 932, repealed in 1976).  The Plaintiffs also requested judgment declaring the scope of their alleged rights-of-way to include, *inter alia*, the right to conduct ordinary maintenance activities and improvements within the rights-of-way, and the right to widen the roads at least to the extent of two-lane roads.

This Court granted the Southern Utah Wilderness Alliance, The Wilderness Society, and Sierra Club motion to intervene as Intervenor-Defendants.  Dkt. #75 (Sep. 3, 2008).  Fact discovery (including 23 depositions) was completed on January 30, 2010, and thereafter the

parties engaged in extensive good-faith settlement discussions. The Court has held periodic status conferences concerning the settlement negotiations. At the status conference held on October 29, 2012, the parties advised the Court that the parties had executed a settlement in the form of a Consent Decree (Exhibit A, attached hereto) and a draft "Disclaimer," within the meaning of the Quiet Title Act, 28 U.S.C. § 2409a(e) (executed copy attached hereto as Exhibit B) which would settle all the claims in this case. On November 28, 2012, the parties filed a Joint Motion for Conditional Approval of Consent Decree [Dkt. #103], and this Court granted the motion the following day, on November 29, 2012 [Dkt. #105]. The Plaintiffs subsequently satisfied the conditions required of them in the Consent Decree, as discussed below. As agreed upon in the Consent Decree at paragraph VII.A, the parties hereby respectfully move this Court for approval of the Consent Decree, confirmation of the Quiet Title Act Disclaimer, and entry of Final Judgment dismissing Plaintiffs' Complaint with prejudice.

II.     Summary of the Consent Decree

Under the settlement, the parties agreed to submit the Consent Decree to the Court within thirty (30) days of its execution, through a joint motion seeking "conditional" approval of the Consent Decree. "Conditional" was defined to mean that the Court's approval was provisional and subject to the parties' subsequent compliance with certain terms set forth in the Consent Decree as prerequisites for consummation of the settlement and final entry of the Consent Decree. Under these terms, the State and County had ninety (90) days from the date of this Court's conditional approval to take specific actions including executing documents necessary to waive, relinquish, abandon, and release any rights they have or may have, presently or in the future, to seek to quiet title or otherwise assert in any manner or through any means, any interest

in or the existence of, under R.S. 2477 or any other state or federal law, any easement, rights-of-way, roads, public highways, or travel routes within the portion of the Deep Creek Mountains WSA located in Juab County and within four defined waiver areas that are adjacent to the Deep Creek Mountains WSA (hereafter "waiver of rights"). The County was also required to adopt and subsequently enforce an ordinance prohibiting motorized vehicle travel anywhere in the portion of the Deep Creek Mountains WSA within Juab County: (1) outside of the alignments of the three recognized rights-of-way; (2) past the termini of the three rights-of-way, other than the motorized vehicle use currently or hereafter allowed by the BLM, if any on the Primitive Route that extends to the west beyond the terminus of the Toms Creek Road, as described in the Consent Decree; and, (3) beyond the second stream crossing on the Granite Canyon Road, as described in the Consent Decree, from December 1 through May 31 annually, unless the BLM modifies this seasonal use restriction (hereafter "travel restriction"). The Plaintiffs, State and County, required an order from this Court conditionally approving the Consent Decree before they could undertake these above-described actions. Following this Court's conditional approval of the Consent Decree on November 29, 2012, the Plaintiffs moved this Court for an order approving an addendum to the Consent Decree to extend the deadline by 45 days for Plaintiffs to complete certain obligations under the Consent Decree. Dkt. #106 (February 27, 2013). On March 1, 2013, the Court approved the addendum. Dkt. #110.

Plaintiff Juab County passed Ordinance 2-19-2013 on February 19, 2013, which enacted the above-described travel restriction. Plaintiff Juab County passed Ordinance No. 3-20-2013 on March 20, 2013, which satisfied the above-described waiver of rights. On April 9, 2013, the State of Utah similarly satisfied the above-described waiver of rights through a "Notice." And,

on April 12, 2013, Plaintiffs provided notice to the other parties of the completion of these actions, as required by the Consent Decree. Copies of the two County Ordinances, the State's Notice, and Plaintiffs' notice to the other parties are all attached hereto as Exhibit C.

Now that these obligations have been satisfied by the State and County, the parties request the Court to approve and ratify the Consent Decree, confirm the Disclaimer of Interest (as discussed below), and enter Final Judgment dismissing the Complaint with prejudice. The terms of the Consent Decree will then become fully effective sixty (60) days later.

The Consent Decree contains the intergovernmental agreements, and agreements with the Intervenor-Defendants, that comprise the settlement. The basic elements include agreements that: (1) certain described segments of the three claimed rights-of-way will be recognized as R.S. 2477 rights-of-way consistent with the facts developed during the litigation; (2) the three R.S. 2477 rights-of-way shall remain as primitive roads, with native material surfaces, except that a previously maintained section of the Granite Canyon Road, as specifically described in the Consent Decree, may continue to be maintained as specified in the Consent Decree, and for the most part all the rights-of-way will be limited in width to seven to nine feet; (3) there is a seasonal limitation on the motorized use of a section of the Granite Canyon right-of-way; (4) any maintenance, beyond routine maintenance as defined in the Consent Decree, will require coordination among the State, County and the Bureau of Land Management and notice to the Intervenor-Defendants; (5) with respect to the portion of the Deep Creek Mountains WSA located *within* Juab County, the Plaintiffs will waive and abandon any claims they might have to other R.S. 2477 rights-of-way; (6) with respect to areas that are *adjacent to* the Deep Creek Mountains WSA within Juab County, the Plaintiffs will waive and abandon any claims they

might have to R.S. 2477 rights-of-way *except* for twelve identified routes in four defined waiver areas; (7) the County will pass an ordinance and will provide signage, if necessary, expressly prohibiting vehicles from driving outside the widths of the three R.S. 2477 rights-of-way in the Deep Creek WSA; (8) the County will help the Bureau of Land Management patrol the roads on high-use weekends to enforce these restrictions; (9) the parties agree to specific dispute resolution procedures; and, (10) this Court will retain jurisdiction of this case for eight years for the purpose of judicial resolution of any disagreements brought to the Court's attention concerning the parties' respective rights and/or obligations under the Consent Decree.

III.   Standard of Review

A consent decree is a negotiated agreement that is entered as a judgment of the court. In *United States v. Colorado*, 937 F.2d 505 (10th Cir. 1991), the Tenth Circuit explained a district court's obligation in considering whether to approve a proposed consent decree:

> Because the issuance of a consent decree places the power of the court behind the compromise struck by the parties, the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest. The court also has the duty to decide whether the decree is fair, adequate, and reasonable before it is approved.

*Id*. at 509 (internal citations omitted).

In considering whether to enter a proposed consent decree, a court should be guided by the general principle that settlements are encouraged. *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999).

IV.   The Consent Decree is Fair, Adequate, and Reasonable and is Not Illegal, A Product of Collusion, or Against the Public Interest

    A.    The Consent Decree is Fair

Determining whether a consent decree is fair involves both procedural and substantive components. *Utah State Dep't of Health v. Kennecott Corp.*, 801 F. Supp. 553, 567 (D. Utah 1992); *United States v. Telluride Co.*, 849 F. Supp. 1400, 1402 (D. Colo. 1994). To measure procedural fairness, a court should gauge the candor, openness, and bargaining balance of the negotiations that led to the consent decree. *Kennecott Corp.*, 801 F. Supp. at 567. *See also United States v. Hooker Chem. & Plastics Corp.*, 607 F. Supp. 1052, 1057 (W.D. N.Y. 1985), *aff'd*, 776 F.2d 410 (2d Cir. 1985) (court should look to such factors as "the good faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in litigation if the settlement is not approved"). "Substantive fairness flows from procedural fairness." *Telluride*, 849 F. Supp. at 1402.

The Consent Decree executed by the parties was negotiated in good faith and at arms length among all the parties, all of whom were represented by counsel. Once the terms of the Consent Decree were fully negotiated among counsel, the resulting Consent Decree was reviewed and approved by the Assistant Attorney General of the Environment and Natural Resources Division of the United States Department of Justice[1] after recommendation from the U. S. Department of the Interior, responsible officials with the State of Utah and Juab County, and the appropriate officers with the three environmental Intervenor-Defendants. For all these reasons, the Consent Decree is procedurally fair. The Consent Decree is substantively fair in that

the United States is disclaiming its interest in rights-of-way for certain lengths of the claimed roads based on historical evidence; and the Plaintiffs are agreeing to waive and abandon certain rights-of-way claims in the WSA and other adjoining areas in good faith compromising of potential future claims.

### B. The Consent Decree is Adequate and Reasonable

There are four factors relevant to determining whether a consent decree is adequate and reasonable. First and most importantly, a court must consider "whether the consent decree is in the public interest and upholds the objectives of the [relevant statute]." *Telluride*, 849 F. Supp. at 1402. Federal law, which borrows from Utah state law here, requires a plaintiff seeking to establish the validity of an R.S. 2477 right-of-way to demonstrate, *inter alia*, continuous public use of the claimed right-of-way as a public thoroughfare for a period of ten years prior to the repeal of R.S. 2477 in 1976. *S. Utah Wilderness Alliance v. Bureau of Land Mgmt.*, 425 F.3d 735, 771-72 (10th Cir. 2005); *Utah Cnty. v. Butler*, 179 P.3d 775, 780 (Utah 2008) (identifying three issues under Utah's dedication statute -- continuous use, a public thoroughfare, and a period of ten years). The parties applied that criteria to the historical evidence in arriving at the terms of the Consent Decree. The parties examined the existing dimensions and lengths of the agreed-upon rights-of-way and reached a stipulated agreement as to the scope of each right-of-way as part of the Consent Decree.

Furthermore, the federal statute on which jurisdiction is based here, the Quiet Title Act, provides that in certain cases of "a disputed title to real property in which the United States

---

[1] The Environment and Natural Resources Division Assistant Attorney General's authority to approve this settlement on behalf of the United States has been delegated from the Attorney General, 28 U.S.C. § 0.160.

claims an interest," local governments may file suit against the United States under the Quiet Title Act, 28 U.S.C. § 2409a, as the Plaintiffs did in this action.  The statute further provides that the United States may disclaim its interest, and dispose of the litigation over that interest, in appropriate cases, pursuant to 28 U.S.C. § 2409a(e).  Thus, the Consent Decree upholds the objectives of the relevant statute.  The Consent Decree is also in the public interest, as discussed below, and therefore adequate and reasonable.

   C. <u>The Consent Decree is Not Illegal, a Product of Collusion, or Against the Public Interest</u>

  The Consent Decree is lawful because it does not require or sanction any violations of law.  Moreover, courts have held that public officials of the United States are entitled to a presumption that their actions and decisions are not illegal or a product of collusion.  *See United States v. McKinley Cnty.,* 941 F. Supp. 1062, 1066 (D.N.M 1996) (citing *United States v. Chem. Found. Inc.*, 272 U.S. 1, 14-15 (1926)).  Finally, the Consent Decree is in the public interest because it resolves the controversy without expensive and prolonged litigation and with due regard for the underlying federal and non-federal property interests.  The other elements of the Consent Decree, as discussed above, are also all in the public interest.

V. <u>Quiet Title Act Disclaimer</u>

  The settlement also includes a "Quiet Title Act Disclaimer," within the meaning of the Quiet Title Act, 28 U.S.C. § 2409a(e), to effectuate the legal recognition of the R.S. 2477 rights-of-way (executed Disclaimer attached hereto as Exhibit B).  Under the QTA, actions will lie only with respect to "disputed title to real property in which the United States claims an interest."  28 U.S.C. § 2409a(a).  To the extent the United States does not claim an interest adverse to that

claimed by the plaintiff, the QTA specifies that the United States may disclaim that purported interest and thereby dispose of the litigation over that interest. 28 U.S.C. § 2409a(e). Through this motion, the United States is now seeking judicial confirmation of the QTA Disclaimer of Interest.[2]

VI.     Conclusion

The Consent Decree is procedurally and substantively fair, adequate and reasonable, and furthers the purposes of R.S. 2477 and is in the public interest. The Consent Decree is not illegal, a product of collusion, or against the public interest. Accordingly, the parties respectfully request that this Court approve the Consent Decree, confirm the Quiet Title Act Disclaimer, and enter a Final Judgment dismissing Plaintiffs' Complaint with prejudice by signing the proposed Order attached hereto, and by signing the next to last page (page 41 of 42) of the Consent Decree,

///

///

///

///

///

///

///

///

---

2       Judicial confirmation of a disclaimer is a largely formal or ministerial action. *See Leisnoi v. United States*, 313 F.3d 1181, 1184 & n.5 (9th Cir. 2002); *Lee v. United States*, 809 F.2d 1406, 1409-1410 (9th Cir. 1987), *cert. denied, sub nom., Lee v. Eklutna, Inc.*, 484 U.S. 1041 (1988). However, a court may reject the disclaimer where it finds it has not been made in "good faith."

Exhibit A attached hereto, and striking the word "proposed" in the caption on the first page of the

Consent Decree.

      Respectfully submitted this 19th day of August, 2013.

                      ROBERT G. DREHER
                      Acting Assistant Attorney General
                      United States Department of Justice
                      Environment & Natural Resources Division

                      /s/  Stephen G. Bartell
                      STEPHEN G. BARTELL, Senior Trial Attorney
                      United States Department of Justice
                      Environment & Natural Resources Division
                      Natural Resources Section
                      P.O. Box 7611
                      Washington, D.C. 20044
                      Telephone: (202) 305-0234
                      Telefax: (202) 305-0506
                      stephen.bartell@usdoj.gov

                      Counsel for the United States of America, Department of the
                      Interior, and Bureau of Land Management

OF COUNSEL:

James Karkut
U.S. Department of the Interior
Office of the Regional Solicitor
Suite 6201, Federal Building
125 South State Street
Salt Lake City, UT 84138

---

*See, e.g., Lesnoi*, 313 F.3d at 1184 n.5.  Here, the Quiet Title Act Disclaimer was made in good faith.

11

JOHN E. SWALLOW
Utah State Attorney General

/s/  Harry H. Souvall
(Signed by filing attorney with permission of Mr. Souvall)
HARRY H. SOUVALL,
Assistant Attorney General
Public Lands Section Chief
5110 State Office
Salt Lake City, Utah 84114
Telephone: (801) 538-0687
hsouvall@utah.gov

Counsel for Plaintiffs State of Utah and Juab County

*/s/* Heidi McIntosh
(Signed by filing attorney with permission of Ms. McIntosh)
HEIDI McINTOSH
EDWARD B. ZUKOSKI
MELANIE KAY
Earthjustice
1400 Glenarm Place, Suite 300
Denver, Colorado 80202
Telephone: (303) 623-9466
tzukoski@earthjustice.org
hmcintosh@earthjustice.org
mkay@earthjustice.org

Counsel for Intervenor-Defendants
The Wilderness Society and Sierra Club

*/s/* Stephen H.M. Block
(Signed by filing attorney with permission of Mr. Block)
STEPHEN H.M. BLOCH
Southern Utah Wilderness Alliance
425 East 100 South
Salt Lake City, Utah 84111
Telephone: (801) 486-3161
steve@suwa.org

Counsel for Intervenor-Defendant
Southern Utah Wilderness Alliance

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I am an employee of the United States Department of Justice, and that on August 19, 2013, a true and correct copy of the foregoing JOINT MOTION FOR APPROVAL OF CONSENT DECREE, CONFIRMATION OF QUIET TITLE ACT DISCLAIMER, AND ENTRY OF FINAL JUDGMENT was filed with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the attorney's of record via ECF.

      /s/ Stephen G. Bartell_____
      Stephen G. Bartell, Esq.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JUAB COUNTY (1) and STATE OF UTAH, <br><br>Plaintiffs, <br>vs. <br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, <br><br>Defendants, and <br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, THE WILDERNESS SOCIETY; and SIERRA CLUB, <br><br>Intervenor-Defendants. | *Proposed* **ORDER GRANTING APPROVAL OF CONSENT DECREE, CONFIRMATION OF QUIET TITLE ACT DISCLAIMER AND FINAL JUDGMENT** <br><br>Civil No. 2:05-CV-00714 (TC) <br><br>Honorable Tena Campbell |

**THIS MATTER** having come before the Court on the parties' Joint Motion for Approval of Consent Decree, Confirmation of Quiet Title Act Disclaimer and Final Judgment dated August 19, 2013, and the Court being fully advised in the premises,

**IT IS ORDERED AND ADJUDGED** that the Consent Decree is Approved, the Quiet Title Act Disclaimer is Confirmed, and the above-captioned matter is dismissed with prejudice.

SO ORDERED this ____ day of _____, 2013.

BY THE COURT:

_____
TENA CAMPBELL
District Court Judge